**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RONALD RAGER,** | : | **CIVIL ACTION NO. 3:15-CV-2119** |
| | : | |
| **Plaintiff** | : | **(Judge Munley)** |
| | : | |
| v. | : | |
| | : | |
| **CHCA MATALONI, D. O'BRIEN,** | : | |
| **DR. GUSTITUS,** | : | |
| | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Plaintiff Ronald Rager ("Rager" or "plaintiff"), at all times relevant an inmate incarcerated at the State Correctional Institution at Retreat ("SCI-Retreat"), Hunlock Creek, Pennsylvania, commenced this civil rights action on November 5, 2015.  (Doc. 1). Named as Defendants are J. Mataloni, Corrections Health Care Administrator, Physician Assistant O'Brien and Dr. Gustitus.  Presently pending are defendants' motions (Docs. 18, 20) to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motions will be granted.

### I.     Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v.

Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## II. Allegations of the Complaint

Rager alleges that between the dates of August 19, 2004, and September 25, 2009, he was provided adult diapers, adult pull-ups and adult plastic pants for his overactive bladder control problem. (Doc. 1, p. 2). He states that "[t]hen I was giving [sic] c-fold paper towels to put in my underwear for the urine leakage and they refused to give me anything for my bed wetting at that time and then Doctor Gustitus ordered a psyche medication witch [sic] made me dizzy and the longer I took it the dizzer [sic] I got." (Id. at 3).

He seeks to be provided with the adult diapers, pull-ups, plastic underwear.

## III. Discussion

Rager brings this civil rights action pursuant to Section 1983 of Title 42 of the United States Code. Section 1983 offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95

F.3d 1199, 1204 (3d Cir. 1996).

In their motion to dismiss, defendants O'Brien and Gustitus raise the issue of the timeliness of Rager's complaint. Rager alleges that his claim accrued on September 25, 2009, when he was no longer provided adult diapers, pull ups or plastic underwear for his overactive bladder control problem. (Doc. 1, pp. 2-3). Defendants state that "[A]ccording to his Complaint, the denial of diapers, which serves as the basis of Plaintiff's complaint, began in 2009. Notwithstanding, Plaintiff did not initiate suit until October 29, 2015 and, therefore, his claims are time-barred and his Complaint must be dismissed as a matter of law." (Doc. 21, pp. 8-9). In opposition to the motion, Rager seeks to strike defendants' brief because it contains the incorrect civil number, 1:15-cv-2119 rather than 3:15-cv-2119. He further offers as proof of wrongdoing that he was "sent to Professional and was prescribed the adult diapers, pull-ups, and plastic underwear" on January 27, 2016. (Doc. 23, p. 1). He does not address the statute of limitations argument.

A claim brought pursuant to 42 U.S.C. § 1983 is subject to the same statute of limitations that applies to personal injury tort claims in the state in which such a claim arises. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Kach v. Hose, 589 F.3d 626, 639 (3d Cir. 2009). Rager's claim arose in Pennsylvania; thus, the applicable statute of limitations is Pennsylvania's two year statute of limitations for personal injury actions. 42 PA. CONS. STAT. ANN. § 5524(2). The statute of limitations period accrues when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983

action. See Garvin v. City of Phila., 354 F.3d 215 (3d Cir. 2003); Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir.1991). It is clear from the complaint that Rager's claim accrued on September 25, 2009. This action was commenced on November 4, 2015, more than six years after the claim accrued. Consequently, the complaint is barred by the statute of limitations.

Defendants further argue that the equitable tolling continuing violations doctrine is inapplicable. (Doc. 21, p. 10). Under the continuing violations doctrine, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001). However, the continuing violation doctrine does not apply when the plaintiff "is aware of the injury at the time it occurred." Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406, 417 n. 6 (3d Cir. 2003). There is no question that Rager was aware of the injury, the denial of adult diapers, pull-ups and plastic underpants, as of September 25, 2009. Despite this knowledge, Rager failed to assert his rights in a timely fashion. Consequently, he is not entitled to equitable tolling.

Defendant Mataloni seeks to dismiss the complaint based on Rager's failure to set forth any allegations against him. To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Individual liability will be imposed

under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)). In other words, defendants in Section 1983 civil rights actions "must have personal involvement in the alleged wrongs . . . shown through allegations of personal direction or of actual knowledge and acquiescence." Atkinson v. Taylor, 316 F.3d 257, 271 (3d Cir. 2003); Rode, 845 F.2d at 1207-08. When a plaintiff merely hypothesizes that an individual defendant may have had knowledge of or personal involvement in the deprivation of his or her rights, individual liability will not follow. Atkinson, 316 F.3d at 271; Rode, 845 F.2d at 1207-08.

Rager has not opposed Mataloni's motion and review of the allegations of the complaint confirms that there is not a single allegation lodged against Mataloni. His name only appears in the complaint. Because Rager fails to allege personal involvement on Mataloni's behalf, the complaint against him is subject to dismissal.

**IV.     Leave to Amend**

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave [to amend] sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure); FED. R. CIV. P. 15(a)(2). With regard to

defendants O'Brien and Gustitus, affording Rager an opportunity to amend a patently untimely complaint would be futile.  As concerns defendant Mataloni even if Rager could set forth allegations of personal invovlement in the September 25, 2009 denial of adult diapers, pull-ups and plastic underwear, the complaint would be subject to dismissal as it is barred by the statute of limitations.  See McPherson v. United States, 392 F. App'x 938, 943 (3d Cir. 2010) (finding that when a statute-of-limitations defense is apparent from the face of the complaint a court may *sua sponte* dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A).

**V.**     **Conclusion**

For the reasons set forth above, the motions (Docs 18, 19) to dismiss will be granted and the complaint will be dismissed in its entirety.  All other pending motions (Docs. 26, 30, 33, 35) will be denied.

                             **BY THE COURT:**

                             **s/James M. Munley**
                             **JUDGE JAMES M. MUNLEY**
                             **United States District Court**

Dated:        September 7, 2016